IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOATRIGHT FAMILY, LLC an Oklahoma limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-192-D |
| RESERVATION CENTER, INC., a California Corporation; CCRA INTERNATIONAL, INC., a Delaware Corporation; OURLINK, LLC, a Texas limited liability company; DON BUCHHOLZ; EACR, Ltd.; HOPE HARVISON; JOHN H. HARVISON; MIKE HARVISON; RANDALL HARVISON; PERRY JOHNS; JOVE INVESTMENTS; RICHARD MARXEN; MCRK, Ltd.; KAY PARKER; MAX POYNER; KENNETH REES; and MICHAEL STINSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is defendants Don Buchholz; EACR, Ltd.; Hope Harvison; John H. Harvison; Mike Harvison; Randall Harvison; Perry Johns; Jove Investments, Ltd.; Richard Marxen; MCRK, Ltd.; Kay Parker; Max Poyner; Kenneth Rees; and Michael Stinson's (collectively, "Defendants") Motion to Dismiss Amended Complaint, filed October 7, 2014. On November 11, 2014, plaintiff filed its response, and on November 18, 2014, Defendants filed their reply.

I.  Introduction

On September 3, 2014, plaintiff filed its Amended Complaint, identifying and including fourteen new defendants, all of whom are members of defendant Ourlink, LLC ("Ourlink") and most

of whom are now shareholders of defendant CCRA International, Inc. ("CCRA")[1], and alleging two new causes of action, an alter ego cause of action and a successor liability cause of action. Defendants now move this Court to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) and Okla. Stat. tit. 12, § 682(B). Specifically, Defendants contend that no Defendant possesses the requisite minimum contacts with Oklahoma to justify the exercise of personal jurisdiction over him, her, or it. Additionally, Defendants contend plaintiff's first three causes of action – fraudulent transfers with actual intent, constructively fraudulent transfers, and insider preference transfer – are subject to dismissal under Rule 12(b)(6) because plaintiff fails to identify any individual defendant that received any particular transfer of stock or of assets from Reservation Center, Inc. ("RCI").[2] Finally, Defendants contend that plaintiff's alter ego cause of action is not ripe under Oklahoma law and, thus, should be dismissed.

II.  Personal Jurisdiction

When a court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.

---

[1] In its Amended Complaint, plaintiff alleges that Defendants were shareholders of CCRA when the transfers at issue in this matter occurred.

[2] In the alternative to dismissal, Defendants move the Court, pursuant to Federal Rule of Civil Procedure 12(c), for an order directing plaintiff to provide a more definite statement regarding plaintiff's claims against the individual defendants so as to allow Defendants to respond specifically to the facts and claims alleged against them.

> In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties. The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials. Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

*McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (W.D. Okla. 1990) (internal citations omitted).

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted).

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then consider whether

3

> the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal quotations and citation omitted) (emphasis in original). The Tenth Circuit has defined the "purposeful direction" element of the minimum contacts analysis as an intentional action that was expressly aimed at the forum state with knowledge that the brunt of the injury would be felt in the forum state. *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case. *See Benton*, 375 F.3d at 1076.

Additionally, the United States Supreme Court set forth an "effects" test in *Calder v. Jones*, 465 U.S. 783 (1984).

> Under *Calder*, an act done outside the state that has consequences or effects within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the effects are seriously harmful and were intended or highly likely to follow from the nonresident defendant's conduct.

*Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009) (internal quotations and citation omitted). "Thus, [t]he key to *Calder* is that the effects of an alleged intentional tort are to be assessed as *part* of the analysis of the defendant's relevant contacts with the forum." *Id.* (internal quotations and citation omitted) (emphasis in original). However, a non-resident defendant's receipt of assets transferred with an intent to hinder, delay, or defraud a creditor does not *ipso facto* establish personal jurisdiction in the state where a complaining creditor resides. *See id.* "The

'effects' test in *Calder* does not supplant the need to demonstrate minimum contacts that constitute purposeful availment, that is, conduct by the non-resident defendant that invoked the benefits and protections of the state or was otherwise purposefully directed toward a state resident." *Id.*

In the case at bar, it is undisputed that Defendants are not Oklahoma residents or entities and that the transfers at issue occurred in Texas. Plaintiff does not assert that this Court has general personal jurisdiction over Defendants; instead, Plaintiff asserts that Defendants are subject to specific personal jurisdiction. Plaintiff alleges "the Defendants purposefully directed their activities at Oklahoma, by fraudulently transferring property, or aiding and abetting the transfer thereof, all to avoid the enforcement of an Oklahoma judgment." Amended Complaint at ¶ 6.

Having carefully reviewed Plaintiffs' Amended Complaint, as well as the parties' submissions, the Court finds Plaintiff has not made a prima facie showing of personal jurisdiction as to each particular Defendant. In relation to its first three causes of action, Plaintiff alleges:

> 9.  In order to interfere with the enforcement of the Note and/or the Oklahoma Judgment, Defendant RCI transferred shares of CCRA stock to Defendant Ourlink and/or Defendants John Does. Defendant RCI made the transfer with the actual intent to hinder, delay or defraud the Plaintiff.
>
> 10.  In order to interfere with the enforcement of the Note and [sic] and/or the Oklahoma Judgment, Defendant RCI transferred other property, including customer lists and other intangible assets, to CCRA, Ourlink and/or John Does. Defendant RCI made the transfer with the actual intent to hinder, delay or defraud the Plaintiff.

*Id.* at ¶ 9-10.[3] However, nowhere in its Amended Complaint does Plaintiff provide any specificity as to what was transferred to whom and as to what role, if any, each particular Defendant played in the alleged fraudulent transfers. Plaintiff simply alleges that Defendants are members of Ourlink

---

[3]Defendants are the John Does referenced in these paragraphs.

and are shareholders of CCRA and they received shares of CCRA stock and/or other property; Plaintiff does not allege in its Amended Complaint that Defendants played an active role in the transfers at issue. Further, the Court finds that the documents and deposition testimony submitted by Plaintiff in its response to Defendants' motion to dismiss provide no additional specificity as to the transfers at issue and Defendants' role in those transfers, and provide no evidence showing that Defendants performed any intentional action that would subject them to personal jurisdiction. In short, Plaintiff's speculation as to Defendants' receipt of assets transferred by RCI with an intent to hinder, delay, or defraud a creditor, even if accepted as true, is clearly not enough to establish personal jurisdiction. *See Mullins*, 564 F.3d at 400.

Accordingly, the Court finds that Plaintiff's first three causes of action against Defendants should be dismissed for lack of personal jurisdiction.

III.     Alter Ego Claim

In its fourth cause of action, Plaintiff seeks to impose vicarious liability against Defendants for the debts of RCI under a theory of alter ego liability. Specifically, Plaintiff seeks to disregard the entities of RCI, Ourlink, and CCRA in order to impose liability on Defendants for RCI's debt to Plaintiff. Relying upon Okla. Stat. tit. 12, § 682(B), Defendants assert that Plaintiff's alter ego cause of action is premature.

Section 682 provides, in pertinent part:

> B. No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned unsatisfied. This provision includes, but is not limited to, claims based on vicarious liability and alter ego. Provided, nothing herein prohibits a suit or claim against an officer, director or shareholder for their own conduct, act or contractual

> obligation arising out of or in connection with their direct involvement in the same or related transaction or occurrence.
>
> D. Members and managers of limited liability companies shall be afforded the same substantive and procedural protection from suits and claims as the protections provided to officers, directors and shareholders of a corporation as set forth in subsection B and C of this section.

Okla. Stat. tit. 12, § 682 (B), (D).

Therefore, before a plaintiff can bring an alter ego claim against an officer, director, or shareholder of a corporation or against a member or manager of a limited liability company, there must be a judgment against the corporation or limited liability company and execution on the judgment must have been returned unsatisfied. It is undisputed in this case that a judgment has been obtained by Plaintiff against RCI, but that judgments have not been obtained by plaintiff against Ourlink or CCRA. Additionally, in its Amended Complaint, Plaintiff alleges that Ourlink is the only shareholder of RCI. *See* Amended Complaint at ¶ 27. Thus, because Plaintiff has a judgment against RCI that has been returned unsatisfied, plaintiff may assert an alter ego claim against Ourlink. However, in order to impose vicarious liability against Defendants, who are shareholders of CCRA and members of Ourlink, there must be a judgment against CCRA and/or Ourlink. Because it is undisputed that no judgment has been obtained against either Ourlink or CCRA, the Court finds that pursuant to § 682 Plaintiff's alter ego cause of action against Defendants is premature and should be dismissed.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss Amended Complaint [docket no. 90] and DISMISSES Plaintiffs' claims against defendants Don Buchholz; EACR, Ltd.; Hope Harvison; John H. Harvison; Mike Harvison; Randall Harvison; Perry Johns; Jove Investments, Ltd.; Richard Marxen; MCRK, Ltd.; Kay Parker; Max Poyner; Kenneth Rees; and Michael Stinson, without prejudice.

**IT IS SO ORDERED this 14th day of May, 2015.**

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE