IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

BOATRIGHT FAMILY, LLC )
an Oklahoma limited liability company, )
 )
          Plaintiff, )
 )
vs. ) Case No. CIV-13-192-D
 )
RESERVATION CENTER, INC. )
a California Corporation; )
CCRA INTERNATIONAL, INC., )
a Delaware Corporation; )
OURLINK, LLC, a Texas )
limited liability company; )
 )
          Defendants. )

**ORDER**

Before the Court is defendant CCRA International, Inc.'s ("CCRA") Motion for Summary Judgment [Doc. No. 99], Plaintiff's response [Doc. No. 102], and CCRA's reply [Doc. No. 104]. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction and Factual Background

In April 2005, Onelink Corporation f/k/a One Link 4 Travel, Inc. ("One Link") purchased defendant Reservation Center, Inc. ("RCI") from the Goldberg family.[1] To fund the purchase of RCI, on April 29, 2005, One Link obtained a loan from defendant OurLink, LLC ("OurLink") in the amount of $3.24 million. The loan was secured by the assets of RCI, and all of the stock of RCI was pledged by One Link as additional collateral for the

---

[1] After the purchase, RCI was a wholly owned subsidiary of One Link.

loan. On the same date, OurLink made a loan to RCI in the amount of $760,000. One Link guaranteed the $760,000 loan, and the loan was secured by the assets of RCI. One Link and RCI were each in default on their respective loans by early 2006.

In November 2005, Plaintiff loaned the sum of $500,000 to RCI. The loan was also secured by all accounts and accounts receivable of RCI, which included all cash and non-cash proceeds of all accounts and accounts receivable, as well as the products and increase of all accounts and accounts receivable. At that time, OurLink agreed by means of a Subordination Agreement that the lien of Plaintiff was superior to the lien of OurLink. RCI was in default on its loan to Plaintiff by early 2006.

On or around November 19, 2006, OurLink became the sole owner of RCI by virtue of a public foreclosure and sale to OurLink of all of the shares of RCI pursuant to the terms of the April 29, 2005 pledge agreement. At the time of the foreclosure sale, RCI owned 100% of CCRA.

In July 2009, RCI sold all of its non-cash assets to CCRA for CCRA's assumption of RCI's debt to OurLink. Specifically, RCI conveyed the following assets:

> All tangible and intangible personal property of RCI (and all of RCI's right, title and interest therein and thereto), whether now owned by RCI or acquired by RCI after the date hereof at any time, including, but not limited to equipment, fixtures, documents, customer lists, contract rights, instruments, books, records, files, general intangibles, goodwill, and chattel paper, together with all rights of RCI in intellectual property, including, without limitation, rights in trademarks, trade names, service marks, domain names, websites, e-mail addresses, copyrights, software programs and codes, formulae, systems, data bases,

> know-how and any other proprietary rights of the RCI, whether or not protected by patent, copyright or trademark registration.

Assignment and Bill of Sale, attached as Exhibit 49 to Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof. Specifically excluded from the sale were

> 1) All of the accounts and accounts receivables of RCI, and all of RCI's right, title and interest therein and thereto, whether now owned by RCI or hereafter acquired by RCI, including all cash and non-cash proceeds of all such accounts and accounts receivable and the products and increase of all such accounts and accounts receivable.
> 2) All cash and cash equivalents, bank accounts, certificates of deposits, or securities owned by RCI or in which RCI has any interest;
> 3) All of RCI's rights to refunds of all or any part of any federal, state, county, or local taxes by RCI and relating to period prior to this date.

*Id.* According to Richard Marxen, the president and sole director of both CCRA and RCI, "RCI was to go out of business, but retain small amounts of accounts receivable and cash to pay creditors." Declaration of Richard Marxen, attached as Exhibit 1 to Defendant's Motion for Summary Judgment and Brief in Support Thereof, at ¶ 6. On December 31, 2011, CCRA paid RCI's debt to OurLink.

In its Amended Complaint, Plaintiff alleges a successor liability claim against CCRA. Specifically, Plaintiff alleges that CCRA is a mere continuation of RCI and is liable for the debts and obligations of RCI. CCRA now moves this Court for summary judgment as to this claim.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

CCRA asserts that it is entitled to summary judgment as to Plaintiff's successor liability claim.

> As a general rule, when one company sells or otherwise transfers all its assets to another company, the successor is not

> liable for the debts and liabilities of the seller. The four
> exceptions to this rule are when:
> 1) there is an agreement to assume such debts or liabilities;
> 2) there is a consolidation or merger of the corporations;
> 3) the transaction was fraudulent in fact; or
> 4) the purchasing corporation is a mere continuation of the selling company.

*Crutchfield v. Marine Power Engine Co.*, 209 P.3d 295, 300 (Okla. 2009). "[T]he exceptions to the general rule of successor non-liability exist to prevent the shareholders, officers, and directors of a corporation from eluding its debts and liabilities while maintaining control over its assets." *Id.* at 300-01.

In the case at bar, Plaintiff relies upon the mere continuation exception to the general rule of successor non-liability.

> The mere continuation exception covers a re-organization of a corporation. For this exception, the test is not whether there is a continuation of business operations, but whether there is a continuation of the corporate entity. To make this determination, we have looked to whether there is a common identity of directors, officers, and stockholders before and after the sale, whether there was good consideration for the sale, and whether the seller corporation continues to exist in fact. The bare *de jure* existence of the seller corporation after the sale is insufficient alone to establish that the successor corporation is not a mere continuation of the seller company.

*Id.* at 301-02.

It is undisputed that at the time of the sale of RCI's assets to CCRA, Mr. Marxem was the president and sole director of both CCRA and RCI and was instrumental in the transfer of the assets. It is also undisputed that CCRA continued the business of RCI after the

transfer of assets. CCRA, however, contends that there was good consideration for the sale and that the transfer of assets did not render RCI incapable of paying its creditors' claims. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff and construing all reasonable inferences in favor of Plaintiff, the Court finds CCRA is not entitled to summary judgment. Specifically, the Court finds Plaintiff has presented sufficient evidence to raise a genuine issue of fact as to whether there was good consideration for the sale of assets, as to whether the transfer of assets rendered RCI incapable of paying its debts, and as to whether RCI continued to exist after the sale.

Plaintiff has submitted evidence that the only consideration for the sale and transfer of assets was CCRA's assumption of RCI's debt to OurLink (*see* Defendant Reservation Center, Inc.'s Response to Plaintiff's Interrogatory No. 3, attached as Exhibit 57 to Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof), and that no money was paid by CCRA in relation to that debt until approximately two and a half years after the sale and transfer of assets. *See* RCI Notes Payable History, attached as Exhibit 46 to Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof. Further, Plaintiff has submitted evidence that all operational assets of RCI were transferred to CCRA (*see* Assignment and Bill of Sale, attached as Exhibit 49 to Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof) and, thus, RCI no longer had any operating business, lacked the capacity to conduct business, and, as a practical matter, was dissolved. Additionally, Plaintiff has presented

evidence that RCI and CCRA had a common identity of directors, officers, and stockholders before and after the sale (*see* organizational chart for RCI and CCRA, attached as Exhibit 40 to Plaintiff's Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof), and that CCRA hired agents previously working for RCI, offered jobs to all employees of RCI, and CCRA and RCI shared employees. *See* September 4, 2012 Deposition of Richard Marxen, attached as Exhibit 43 to Plaintiffs' Response to Defendants' Motion for Summary Judgment and Brief in Support Thereof, at p. 28, line 3 - p. 29, line 16. Based upon all of the evidence submitted by Plaintiff, the Court is unable to conclude that CCRA is entitled to summary judgment as to Plaintiff's successor liability claim.

Finally, CCRA asserts that Plaintiff is not worthy of the equitable remedy of successor liability based upon Plaintiff's prior bad acts. Having reviewed the parties' submissions, the Court finds CCRA has not submitted sufficient evidence to preclude Plaintiff from pursuing the equitable remedy of successor liability.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court DENIES CCRA's Motion for Summary Judgment [Doc. No. 99].

**IT IS SO ORDERED this 31st day of March, 2016.**

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE